UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION


Willie J. Rogers,                                                    Case No. 1:16-cv-1992

       Petitioner,


v.                                                                   MEMORANDUM OPINION
                                                                     AND ORDER

LaShann Eppinger, Warden, *et al.*,

       Respondents.


## I.    INTRODUCTION

Willie J. Rogers, an inmate in the custody of the Ohio Department of Rehabilitation and Correction, seeks a writ of habeas corpus pursuant to 22 U.S.C. § 2254. (Doc. No. 1). Magistrate Judge David A. Ruiz reviewed the petition as well as related briefing pursuant to Local Rule 72.2(b)(2) and recommends I dismiss the petition in part and deny it in part. (Doc. No. 38). Rogers has submitted objections to Judge Ruiz's Report and Recommendation. (Doc. No. 41). Judge Ruiz recommends I dismiss part of Rogers' petition as a second or successive attempt to challenge a warrant issued by the State of Ohio to revoke his parole, and deny the remainder of his petition as procedurally defaulted. For the reasons stated below, I overrule Rogers' objections and dismiss his petition in part and deny it in part.

## II.    BACKGROUND

In 1983, Rogers was convicted of two counts of kidnapping and three counts of gross sexual imposition. He later was convicted of the offense of child stealing in a separate case. His

convictions were upheld on appeal, though the state appellate court remanded the case to the trial court to amend his sentence. Following remand, Rogers was sentenced to a term of 15 to 65 years in prison.

In 1992, Rogers applied for parole. His application was approved, as was his request that his parole supervision be transferred to the State of California upon his release from custody. At the same time, he also was transferred to the custody of the Maricopa County, Arizona Sheriff's Department to serve a sentence in Arizona. Rogers subsequently was released from prison in Arizona in February 1997, but he did not report to his parole officer.

In June 2003, Rogers was convicted of several offenses, including assault with a deadly weapon, in a California state court and was sentenced to prison. The State of Ohio later learned Rogers was in custody in California and, on July 12, 2013, issued a warrant and detainer request to the California Department of Corrections and Rehabilitation.

On June 13, 2014, Rogers filed a habeas petition under § 2254 challenging the detainer. Judge Gregory Frost, a district judge on the United States District Court for the Southern District of Ohio, denied Rogers' petition, and the Sixth Circuit Court of Appeals denied Rogers' request for a certificate of appealability.

Rogers was returned to the custody of the Ohio Department of Rehabilitation and Correction ("ODRC") on July 30, 2015, after completing his sentence in California. Rogers' parole was revoked following an August 19, 2015 hearing before a hearing officer with the Ohio Adult Parole Authority; the hearing officer also recommended Rogers serve at least 24 months of his sentence before being considered again for parole. The ODRC subsequently recalculated the date on which Rogers would have served his maximum sentence, to account for a total of 4,380 days of "lost time." (Doc. No. 16-2 at 5).

Rogers filed a habeas petition in the Lorain County, Ohio Court of Common Pleas. That court granted Respondent's motion for summary judgment on January 19, 2016, after Rogers failed to respond to that motion. Rogers appealed the trial court's decision, but his appeal was dismissed because he failed to comply with the requirement of Ohio Revised Code § 2969.25(C), which required Rogers to submit a motion to waive the full filing fee and an affidavit of indigency, including a statement of the balance of his inmate account. (Doc. No. 16-2 at 157). The Supreme Court of Ohio denied jurisdiction of Rogers' appeal on July 27, 2016.

Rogers filed his habeas petition in this Court on August 10, 2016, asserting ten grounds for relief:

> GROUND ONE: Unconstitutional [extradition] in violation of both state and federal [extradition] laws
>
> Supporting Facts: Governor John R. Kasich unconstitutionally, unlawfully and illegally [extradited] (kidnapped by deception of perjurious-lies and fraud) Petitioner, a California parolee from California in the absence of any legitimate "probable cause" under the ruse of charging Petitioner in violation of some ancient unverified, uncertified decades+ past release supervision terms; not found as extradictable (sic) crimes under either state or federal [extradition] laws.
>
> GROUND TWO: Due process "waiver" of jurisdiction by operation of law, due to the grant of parole under "special [conditions]" to the sovereign state of Arizona only!
>
> Supporting Facts: Respondents waive, [relinquished] and '[forfeited]' their statutory jurisdiction "custody" (O.R.C. 2967.02(C)(D)[ )] over Petitioner after paroling him 23+ years ago under "special conditions" to his detainer (the sovereign state of Arizona only![ )]; with no caveat of intentions/due process advisement of retention of custody; over Petitioner upon the completion of his Arizona sentence/parole obligation. [W]hereupon Arizona [DOC] cancelled its agreement with [O]hio on 12-11-92: and granted Petitioner a certificate of completion on or about 5-22-98.; [O]ther than petitioner['s] dozen or so call to OAPA Interstate Compact Officer who very politely advised him "they" had nothing on him, that Arizona was responsible for him and that he need not call anymore. Petitioner heard absolutely nothing from [R]espondents until 2013.
>
> GROUND THREE: Federal and state due process estoppel due to the prejudicial passage of time (15 years); witnesses unavailable or dead.

3

Supporting Facts: Respondents irreparably prejudiced Petitioner's defense and are in due process "estoppel by the prejudicial passage of time (15 years) of their criminal misconduct from pursuing/prosecuting a so-called ancient release [supervision] violation; because in RICO conspiracy, Respondents maliciously, vindictively, deliberately and inexcusably "waited" 15 and 10 years after their alleged 5-22-98 and 8-1-03 dated release supervision terms violation; even before filing their first state tolling (PAL) warrant detainer on 7-12-13 and also in criminal mischief back dated the violations to 8-1-03 on Petitioner's inmate status; on a 6-16-16 dated "memo" now charging Petitioner with 12 years of "lost days."

GROUND FOUR: Federal due process parolee "liberty interest" rights vs arbitrary denial of "final release" used as a means to circumvent a [parolee's] "[liberty] interest."

Supporting Facts: Petitioner has a constitutional "liberty interest" in his freedom once Ohio chose to grant said parole some 23 years ago and the mere fact that Respondents have for 20+ years in abandonment of Petitioner from his 12-2-92 dated [in-custody] parole departure to the State of Arizona until 7-12-13 out of economical selfishness failed/refused to issue a "final release" (manumission papers); most assuredly is not the fault [or] responsibility of Petitioner; nor is it a violation of any purported release supervision terms subjecting Petitioner to [extradition], revocation and [re-enslavement] 23 years later; Respondent Musser states that she was unaware of [Petitioner's whereabouts] until 7-12-13; OAPA agent Donnel R. Jones at the release revocation hearing confessed that his agency lost Petitioner's file for the last twenty years. And of course "white people" in ameri-KKKA are held to zero accountability.

GROUND FIVE: Federal Due Process denial, sufficiency of evidence

Supporting Facts: [Respondents] have failed to produce a certified, verified placed, recorded, valid, legitimate, specific release supervision terms written nearly twenty-three years ago indicating that Petitioner signed, acknowledgement that "on or about 5-22-98 he'd keep Ohio Adult Parole Authority informed (of his) residence." And failing to do so would result in his [extradition] from California, revocation and [re-enslavement on] Ohio slave plantation/prison. [Respondents] filed [their] first state tolling (PAL) warrant detainer on 7-12-13, some 15 years after the so-called violation and then back dated the violation to 8-1-03 as reflected on Petitioner'[s] inmate status record. [Notwithstanding], this document even if it existed would have originated on or about 12-2-98; no document dated past five years past has any force of law.

GROUND SIX: Federal Due Process denial; sufficiency of evidence.

Supporting Facts: Respondents have failed to produce a certified, verified, placed, recorded, valid, legitimate, specific release supervision "terms" "actively" imposed upon Petitioner on or about 8-1-03 that he signed, acknowledging in agreeing upon said terms, written about 23 years ago, that would deem his 8-1-03 dated California conviction, an Ohio violation, subjecting him to [extradition] from California,

revocation and [re-enslavement] by Ohio on 7-30-15. Albeit, Respondents first state tolling (PAL) warrant detainer wasn't filed until 7-12-13, some 10 years after his California conviction. Notwithstanding, any so-called release supervision terms dated past five years has no force of law.

GROUND SEVEN: Federal Due Process denial, denial of witness, denial of witness confrontation at the revocation hearing.

Supporting Facts: Respondents denied Petitioner the right of witnesses at the release revocation hearing; his right of confrontation, to cross-examine; receive exculpatory testimony to allow, to afford Petitioner the right to [develop] and perfect his [meritorious] testimony; Petitioner was irreparably prejudiced by this due process denial, he had no defense. Parole board hearing officer's excuse, inter [alia], the principle, material witness retired, unavailable (or dead) one can imagine so after 23 years).

GROUND EIGHT: Federal Due Process denial; Petitioner has never been an "active" Ohio parolee/releasee with any of the [accruement] of same.

Supporting Facts: Respondent's ancient, former deputy administrator, Interstate Compact Officer, Gail A. Price, post-parole, nine-days prior to Petitioner's 12-2-92 dated [in-custody] parole under "special conditions" to his detainer (sovereign State of Arizona) only!; in usurpation of the parole board's 8-17-92 dated minute order "deactivated" Petitioner's parole to some unspecified, [futuristic] date; and thus Petitioner has never been an "active" Ohio parolee/releasee subject to revocation/[re-enslavement] 23 years thereafter; Petitioner's inmate status record reflects zero activity form 12-2-92 until 7-12-13; with no indication Petitioner's parole/release was ever reactivated.

GROUND NINE: Federal due process denial (resentence for the second time in [absentia]) without any notification or hearing and in; double jeopardy: twice punished based on the same [fictitious] allegations.

Supporting Facts: Petitioner was arbitrarily sentenced/resentenced in double jeopardy; double punishment to an additional 12 years of slavery in [absentia] without any notification or hearing condemned to the [white man's] for profit slave plantation – based on a nebulous charge of "lost days" without a shred of legitimate proof or otherwise of his "guilt" – by a low-level ODRC-BOSC Clerk named J. Hoffer delivered via a 6-16-16 dated memo. The additional 12 years added to Petitioner's maximum sentence increased his maximum expiration of sentence from 2048 to 2060; whereupon he will be one hundred and twelve years old before his release (emancipation from slavery). Double jeopardy: ten months prior to at Petitioner's 8-10-15 dated formal release revocation hearing, Petitioner [was] punished for the same exact [fictitious] allegations condemned to an additional two years of slavery before he is re-eligible, re-parole consideration ordered by the Parole Board Hearing Officer Marc C. Hauk and subsequently approved by the [full] Board on 8-30-15.

5

Yet, ten months after the fact ODRC-BOSC-Employee Hoffer seek to acquire additional black gold, black slave dollar $$$$ to make their trailer payments, pickup truck payment and feed their billy goats

FYI: Prior to Petitioner's [in-custody] parole departure under "Special Conditions" ONLY to the sovereign State of Arizona; [Petitioner] had served 9½ years of his sentence.

White Racism: While his equally charged, equally convicted and equally sentenced two white female [co-defendants] won release after only serving 4 years. AKA Ku Klux Klan white racism. And the other white codefendants* (sic)

<u>GROUND TEN</u>: Federal due process denial of a parolee's right to adequate and proper "notification" of said Ohio "release supervision terms" by Respondents' gross estoppel-[negligence] of 20+ years of estoppel-[silence] from 12-2-92 until 7-12-13. Plainly put, Petitioner an Arizona parolee never had any "fair" warning or opportunity to know that he was an "active" Ohio release supervision releasee under terms.

<u>Supporting Facts</u>: On 7-12-13 [Respondents] out of nowhere . . . filed its first state tolling (PAL) warrant detainer against [Petitioner] with the California Department of Corrections and Rehabilitation charging [Petitioner] as their Declared Parole Violator; obviously thinking better of that LIE; on 6-11-15 Respondents filed its second and amended state tolling (PAL) warrant detainer against [Petitioner] with the Solono County Sheriff's Department charging [Petitioner] as their Release Supervision Violator; on 6-18-15 Governor Kasich filed his arrest warrant against [Petitioner] with the Governor of California charging [Petitioner] as his fugitive and release supervision violator; on 8-4-15 [Petitioner] was charged in particular with release supervision violation on 5-22-98 and 7-30-03; at the 8-19-15 dated Release Supervision Revocation Hearing, no ancient [evidentiary] documentation was presented and no witnesses allowed; [on] 6-16-16 without any notification or hearing [Petitioner's] estoppel 7-30-03 dated violation 6-11-15 dated declared a release supervision violator was backdated to 7-30-03, now charging [Petitioner] with 12 years of "Lost Days", extending [Petitioner's] maximum expiration of sentence from 2048 until 2060.

(Doc. No. 1 at 5-15).

### III.  STANDARD

Once a magistrate judge has filed a report and recommendation, a party to the litigation may "serve and file written objections" to the magistrate judge's proposed findings and recommendations, within 14 days of being served with a copy. 28 U.S.C. § 636. Written objections "provide the district court with the opportunity to consider the specific contentions of the parties

and to correct any errors immediately . . . [and] to focus attention on those issues – factual and legal – that are at the heart of the parties' dispute." *Kelly v. Withrow*, 25 F.3d 363, 365 (6th Cir. 1994) (quoting *United States v. Walters*, 638 F.3d 947, 949-50 (6th Cir. 1981) and *Thomas v. Arn*, 474 U.S. 140, 147 (1985)). A district court must conduct a *de novo* review only of the portions of the magistrate judge's findings and recommendations to which a party has made a specific objection. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3).

## IV. ANALYSIS

### A. SECOND OR SUCCESSIVE PETITION

Section 2244 generally prohibits an inmate from filing multiple habeas petitions challenging the same judgment. 28 U.S.C.A. § 2244(a) ("No circuit or district judge shall be required to entertain an application for a writ of habeas corpus to inquire into the detention of a person pursuant to a judgment of a court of the United States if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for a writ of habeas corpus."). If a petitioner files a second or successive habeas petition without first obtaining permission from the Court of Appeals, "the district court shall transfer the document to [the Sixth Circuit] pursuant to 28 U.S.C. § 1631." *In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997); *see also* 28 U.S.C. § 2244(b)(3).

A petition is not "second or successive" if it challenges a judgment different than the judgment the inmate challenged in an earlier petition, *Askew v. Bradshaw*, 636 F. App'x 342, 346-47 (6th Cir. 2016), or if it challenges "a parole determination or disciplinary proceeding that occurred after the prisoner's initial petition was filed." *In re Jones*, 652 F.3d 603, 605–06 (6th Cir. 2010). If a habeas petition challenges more than one judgment, a district court must determine which judgments a petitioner attacks with which claims. *In re Caldwell*, 917 F.3d 891, 894 (6th Cir. 2019).

7

Rogers challenges the State of Ohio's assertion of jurisdiction over him following his 2003 California conviction and the subsequent revocation of his parole. Rogers previously challenged the detainer warrant, and also raised claims that he had been denied his constitutional right to a parole violation hearing. *Rodgers v. Ohio*, No. 2:14-CV-453, 2015 WL 196431, at *3 (S.D. Ohio Jan. 15, 2015). The court concluded the detainer warrant was valid and that Rogers was not entitled to habeas relief on that ground. *Id.*

The court also concluded Rogers' right to a parole revocation hearing had not yet vested, because his detainer warrant had not yet been executed. *Id.* Thus, while Rogers included claims concerning extradition and parole revocation in his first habeas petition, his inclusion of those claims in his current petition does not mean those claims are second or successive, because they initially were dismissed as premature. *See Stewart v. Martinez-Villareal*, 523 U.S. 637, 644-45 (1998).

Therefore, Rogers' petition is a second or successive petition only to the extent it challenges the issuance of the detainer warrant. Rogers' challenges to his extradition and subsequent parole revocation are not "second or successive."

### B. PROCEDURAL DEFAULT

A state prisoner seeking federal habeas relief must "first exhaust his state remedies and 'meet the State's procedural requirements for presenting his federal claims.'" *Smith v. Warden, Toledo Corr. Inst.*, --- F. App'x ---, No. 17-3220, 2019 WL 2518311, at *6 (6th Cir. June 18, 2019) (quoting *Coleman v. Thompson*, 501 U.S. 722, 729–32 (1991)). If the prisoner fails to comply with a state procedural rule while presenting the prisoner's claims to the state court, those claims may be procedurally defaulted, so long as the state procedural rule is an independent and adequate ground for the state court's decision not to reach the merits of the prisoner's claims. *Williams v. Anderson*, 460 F.3d 789, 806 (6th Cir. 2006).

As I noted above, Rogers filed a motion for a writ of habeas corpus in the Lorain County, Ohio Court of Common Pleas, challenging his extradition and the subsequent revocation of his parole. That court granted Respondents' motion for summary judgment, and Rogers appealed. When he appealed, however, he failed to comply with the filing requirements set forth in Ohio Revised Code § 2969.25. (Doc. No. 16-2 at 157-58). The appellate court dismissed his appeal on that basis.

The requirements of Section 2969.25 are an independent and adequate ground upon which the state court relied in declining to consider the merits of Rogers' claims. *See, e.g., Fuqua v. Williams*, 797 N.E.2d 982, 984 (Ohio 2003); *State ex rel. Ellis v. Wainwright*, --- N.E.3d ---, 2019-Ohio-2853 (Ohio July 17, 2019) (An inmate's failure to comply with § 2969.25(C) is grounds for dismissal of a habeas petition).

Rogers argues he cured his procedural default when he filed a motion for reconsideration and provided the information and statements required by Section 2969.25(C). Ohio law mandates strict compliance with these requirements at the time of filing, *Ellis*, 2019-Ohio-2853, at *1, and the appellate court specifically denied the motion for reconsideration because "the Supreme Court [of Ohio] does not permit delayed compliance" with those requirements. (Doc. No. 19-2 at 12).

Rogers' default, pursuant to an independent and adequate state procedural rule, bars federal habeas review of his claims unless he "can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman*, 501 U.S. at 750.

Rogers argues that full compliance with the statutory requirements is out of his control, because a state employee must produce the account statement that indigent appellants are required to file. (Doc. No. 41 at 2-3). While this reasoning conceivably might constitute "cause" for a procedural default, *see Rust v. Zent*, 17 F.3d 155, 161 (6th Cir. 1994), Rogers' argument is only

9

theoretical.  He does not claim he actually requested the necessary information before filing his notice of appeal, nor is there evidence he offered that explanation to the Ohio courts.

Moreover, Rogers also fails to demonstrate a fundamental miscarriage of justice occurred, because he offers no evidence of actual innocence.  *See, e.g., Schlup v. Delo*, 513 U.S. 298, 314-15 (1995).

Therefore, I conclude Rogers' claims concerning his extradition and parole revocation are barred by the procedural-default rule and deny his habeas petition on those grounds.

## V.  CONCLUSION

For the reasons stated above, I overrule Rogers' objections and adopt Judge Ruiz's Report and Recommendation, (Doc. No. 38), in part.

I deny Rogers' petition regarding his claims alleging violation of his constitutional rights during his extradition from California and his subsequent parole revocation.  Further, I certify there is no basis on which to issue a certificate of appealability.  28 U.S.C. § 2253; Fed. R. App. P. 22(b).

I dismiss Rogers' petition to the extent it seeks relief for the detainer warrant or any other claims preceding the issuance of the detainer warrant and transfer those portions of the petition to the Sixth Circuit pursuant to 28 U.S.C. § 1631.

Finally, I deny as moot his motion for a ruling and a hearing, (Doc. No. 56), and his second motion for ruling, (Doc. No. 57).

So Ordered.

s/ Jeffrey J. Helmick  
United States District Judge